AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Lamberto Perez Paez<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 8: 25-mj-3547-AAS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ November 20, 2025 _____ in the county of _____ Hillsborough _____ in the
_____ Middle _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Alien found in the United States without permission after removal. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Geovanny A. Lacayo, Agent, U.S. Border Patrol
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: November 21, 2025

_____
*Judge's signature*

City and state:     Tampa, FL     HON. AMANDA ARNOLD SANSONE, U.S.M.J.
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Geovanny A. Lacayo, being duly sworn, depose and state:

## INTRODUCTION AND AGENT BACKGROUND

1.     I have been employed as a United States Border Patrol Agent with the United States Border Patrol since November 15, 2021. In 2021, I was assigned to the United States Border Patrol Station in Nogales, Arizona as a Border Patrol Agent. I recently transferred to Tampa, Florida on November 2, 2025.

2.     In my capacity as a Border Patrol Agent, I am charged with enforcing U.S. immigration laws, both administrative and criminal. I am a federal law enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3.     I submit this affidavit in support of a criminal complaint charging that on or about November 20, 2025, in the Middle District of Florida, the defendant, Lamberto Perez Paez ("**PEREZ PAEZ**"), being an alien of the United States who was previously deported, excluded, and removed from the United States on or about December 17, 2018 and who had not received the consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States, was found to be voluntarily in the United States, in violation of 8 U.S.C. § 1326(a).

4.     The statements in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation.  Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to

me or other law enforcement agents concerning this investigation.  I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## PROBABLE CAUSE

5.    On February 13, 2015, in Nashville, Tennessee, **PEREZ PAEZ** was charged with three counts of Reckless Endangerment with Motor Vehicle as a Weapon, Driving Under the Influence, and No Driver's License. **PEREZ PAEZ** pleaded No Contest to Driving Under the Influence in Nashville, Tennessee. He was sentenced to 11 months and 30 days in jail.

6.    On August 17, 2015, **PEREZ PAEZ,** who is a native and citizen of Mexico, was encountered by the Davidson County, Tennessee Sherrif's Department and was then remanded to the custody of Enforcement and Removal Operations, Immigration and Customs Enforcement ("ERO ICE") in Nashville, Tennessee. He was fingerprinted and interviewed. ERO ICE determined that **PEREZ PAEZ** had unlawfully entered the United States of America from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States of America. After determining that **PEREZ PAEZ** was an alien who illegally entered the United States, **PEREZ PAEZ** was given a Notice to Appear without an immigration bond. On November 16, 2018, **PEREZ PAEZ** was found to be inadmissible to enter the U.S. and was ordered removed by an Immigration

2

Judge. **PEREZ PAEZ** was removed from the United States on December 17, 2018, departing on foot.

7.     On November 20, 2025, **PEREZ PAEZ** was encountered by the Florida Highway Patrol during a traffic stop, and was identified as one of the passengers. **PEREZ PAEZ** presented a foreign identification. Florida Highway Patrol contacted Tampa Border Patrol Agents for assistance in identifying the subject involved through records check. Tampa Border Patrol Agents determined that **PEREZ PAEZ** had a prior Order of Removal by an Immigration Judge. Florida Highway Patrol transported **PEREZ PAEZ** to Tampa Border Patrol Station for further investigation.

8.     **PEREZ PAEZ's** fingerprints were submitted through DHS and FBI biometric identification databases and compared with those taken prior to his removal from the United States. These databases indicate that the fingerprints are from the same person. **PEREZ PAEZ** was arrested and taken into Tampa Border Patrol custody.

9.     **PEREZ PAEZ** was read his *Miranda* rights in his native language of Spanish. **PEREZ PAEZ** agreed to waive his rights and speak with law enforcement. He admitted that he illegally crossed into the United States in 2020, and confirmed that he did not apply to the Attorney General of the United States for permission to re-enter the United States after being deported.

10.     Border Patrol is not aware of any evidence indicating that **PEREZ PAEZ** re-entered the United States involuntarily.

3

11.     No information exists, either in the A-File or the computer databases, showing that **PEREZ PAEZ** received permission from the Attorney General, the Secretary for the Department of Homeland Security, or any other immigration official, to either reenter the United States after having been previously removed, or to reapply for admission to the United States after having been previously removed.

## CONCLUSION

12.     Based on the foregoing facts, I believe there is probable cause to establish that Lamberto **PEREZ PAEZ**, a native and citizen of Mexico, is an alien found in the United States without permission after removal, in violation of 8 U.S.C. § 1326(a) and (b)(1).

Agent Geovanny A. Lacayo
U.S. Border Patrol

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this ___21___ day of November, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4